IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:08-cr-0073-5 |
| | : | |
| v. | : | |
| | : | |
| **JONATHAN LEE CABALLERO** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Jonathan Lee Caballero's ("Caballero") motion to correct sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Caballero pleaded guilty to possessing, brandishing, and discharging firearms in furtherance of a crime of violence (bank robbery), and aiding and abetting that offense, in violation of 18 U.S.C. § 924(c) (Count 2); and attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 4). On January 13, 2009, Caballero was sentenced to 120 months imprisonment on the § 924(c) offense to be served consecutive to a 57 month sentence on the § 2113(a) offense. In his motion, Caballero argues that the sentence on Count 2 violates due process and should be vacated because bank robbery is not a crime of violence under *Johnson*. (Doc. 346, p. 2.)

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The ACCA defines a violent felony, in part, as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another ["elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives ["enumerated offenses clause"], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ["residual clause"].

18 U.S.C. § 924(e)(2)(B) (emphasis added).

> Title 18 U.S.C. § 924 (c)(3) defines a crime of violence as follows:
>
> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another ["elements clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["residual clause"].

Caballero argues that clause B is similar to the residual clause of the ACCA and is therefore void for vagueness.[1]

I. **Discussion**

In *United States v. Robinson*, 844 F.3d 137, 139 (3d Cir. 2016), the Third Circuit held that, where the offenses of robbery and brandishing a gun have been tried together and the defendant has been found guilty of both offenses, Hobbs Act

---

[1] Because this case can be disposed of on the elements clause, the court declines to address the constitutional argument with respect to the residual clause.

robbery qualified as a crime of violence under § 924(c)(3)(A)'s elements clause. 844 F.3d at 141; *see also United States v. Galati*, 844 F.3d 152, 155 (3d. Cir. 2016).

In the present case, Count 2 of the Indictment contains the following language: "did possess, use, carry, brandish, and discharge firearms in furtherance of and during and in relation to crime of violence for which they may be prosecuted in a court of the United States; that is, bank robbery." (Doc. 1, p. 3.) Count 4 contains such language as, "did, by force and violence, or by intimidation." (*Id.* at p. 5.)

At the change of plea hearing, the Government placed on the record the events of the December 5, 2007 bank robbery spree in which two banks – Northwest Savings Bank (Count 4) and Citizens Savings Bank (Counts 1 & 3) were targets. Although Count 2 of the Indictment did not specify the name of the targeted bank, the AUSA stated at the plea hearing that Count 2 also involved Northwest Savings Bank. (Doc. 291, p. 9.) The presentence report to which no objections were filed (¶¶ 4-10) refers to both banks in describing the facts as to Count 2.

Bank robbery under 28 U.S.C. § 2113(a) qualifies as a crime of violence under the elements clause. *Galati*, 844 F.3d at 154-55. Both the taking by force and

violence or intimidation element and the dangerous weapon or device element require the use, attempted use or threatened use of force.

Caballero has acknowledged his involvement in the four robberies, including the robbery in Count 3 in which a gun was held to a teller's head and later went off. He claims, however, that this cannot be considered as he was not convicted of the bank robbery offense. However, "prosecution under § 942(c) requires that the government prove the defendant committed a qualifying offense but does not require the defendant to be charged or convicted of such an offense." *Galati*, 844 F.3d at 155 (citing *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998)). Here, Caballero was charged with bank robbery but due to the plea agreement did not plead to this offense. Nevertheless, he admitted in his plea colloquy as to his involvement in the Citizens Bank robbery and, therefore, the qualifying offense has been established.

For the above reasons, the motion will be denied.

                                                                         s/Sylvia H. Rambo
                                                                         SYLVIA H. RAMBO
                                                                         United States District Judge

Dated: February 21, 2017