IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Crim. No. 1:08-cr-073 |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN LEE CABALLERO | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is a motion for relief from judgment filed by Jonathan Caballero pursuant to Federal Rule of Civil Procedure 60(b)(6). In the motion, Caballero indicates that he is not attacking his sentence but rather a defect in the integrity of the federal habeas proceeding. (Doc. 417, p. 2.)

## I.    Background

On September 2, 2008, pursuant to a written plea agreement, Cabellero pleaded guilty to two counts of a 4-count Indictment for possessing, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii) (Count 2), and attempted robbery, in violation of 18 U.S.C. § 2113(a) (Count 4).

On January 20, 2009, Caballero filed an appeal challenging the reasonableness of his sentence. The Third Circuit Court of Appeals affirmed. (Doc. 308-3.)

On May 17, 2016, Caballero filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The issue raised in that motion concerned whether his commission of the bank robbery qualified as a crime of violence. On February 21, 2017, this court issued a memorandum and order denying the petition (Docs. 378-79), and on June 28, 2017, The Third Circuit declined to grant a certificate of appealability (Doc. 399).

In the present motion, Caballero alleges that the court erroneously accepted a plea of guilty to Count 4 when the facts presented at the plea colloquy did not show that he admitted to the elements of the crime. Thus, he argues that the court did not have jurisdiction to accept the plea and impose a sentence.

## II.   Discussion

A motion under Rule 60(b) must be made within a reasonable time, except for reasons set forth in 60(b)(1), (2) and (3). More than a reasonable amount of time has elapsed in this case as it has been over 11 years since Caballero pleaded guilty and was sentenced. He was well aware of the facts surrounding these events at the time they occurred.

Furthermore, a Rule 60(b) motion cannot be used to challenge a conviction or sentence, *United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018), which is precisely what Caballero is attempting to do in this motion. Indeed, his 60(b)(6)

motion can be considered as an attempt to circumvent an unauthorized second or successive § 2255 motion.

Accordingly, the court finds as follows:

1) The motion filed pursuant to Fed. R. Civ. P. 60(b)(6) is improper;

2) The motion is untimely under Fed. R. Civ. P. 60(b)(6) and 28 U.S.C. § 2255; and

3) The motion is an attempt to circumvent the requirements of filing a § 2255 motion.

The motion will be denied.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 31, 2019